FREDERICK T. FARRIER, PLAINTIFF IN ERROR, v. CLAUS M. E. SCHROEDER, DEFENDANT IN ERROR.

The power to amend, under section one hundred and thirty-eight of the practice act, (*Rev., p.* 869,) extends to the amending the record at the trial, and, after a motion to non-suit, by striking out the name of the plaintiff, wherever it occurs in the process and pleadings, and inserting the name of another person as plaintiff.

---

On error to the Hudson Circuit.

For the plaintiff in error, *A. S. Jackson.*

For the defendant in error, *W. P. Douglass.*

The opinion of the court was delivered by

Woodhull, J. This writ of error brings up the record of a judgment in the Hudson Circuit Court, against Farrier,

the plaintiff in error, and in favor of Schroeder, the defendant in error.

The judgment was recovered in an action of covenant, in which Sarah F. Lienau was plaintiff, and the said Farrier was defendant.

By a schedule annexed to the declaration, it appears that the action was founded on two sealed instruments, one of them executed by Hannah Corn, certifying that she had hired and taken from C. M. E. Schroeder, agent for Sarah F. Lienau, a certain house, for the term of one year from the 1st day of May, 1876, at the yearly rent of $1000, payable in equal monthly payments, in advance, on the first day of each and every month, &c.

The second instrument was executed by Frederick T. Farrier, the defendant below, and was in these words : "In consideration of the letting of the premises above described, and for the sum of one dollar, I do hereby become surety for the punctual payment of the rent and performance of the covenants in the above written agreement mentioned, to be paid and performed by Mrs. Hannah Corn ; and if default shall be made therein, I hereby promise and agree to pay unto C. M. E. Schroeder, agent for S. F. Lienau, such sum or sums of money as will be sufficient to make up such deficiency and fully satisfy the conditions of the said agreement, without requiring any notice of non-payment, or proof of demand being made."

At the trial of the cause, the two instruments executed respectively by Mrs. Corn and Farrier having been duly proved, were offered in evidence, on the part of Mrs. Lienau,. and admitted by the court against the objection of the defendant, Farrier.

The plaintiff then rested her cause, and the defendant, by his attorney, moved for a non-suit, on the ground that the evidence showed a right of action, not in Mrs. Lienau, but in Schroeder, who might maintain a second suit against him for the same matter.

The judge who presided at the trial, having ascertained

that this was the only defence, stated that he would direct a verdict for the plaintiff, with leave to the defendant to apply for a non-suit; would determine the question after looking into it, and would think of the propriety of an amendment.

It was agreed between the attorneys of the respective parties, that the amount the plaintiff was entitled to recover, if anything, was $359.10, and for that amount the court directed a verdict.

A motion to non-suit, subsequently made in pursuance of the leave granted, having been refused, the counsel for the plaintiff asked leave to amend the record in the cause, by striking out the name of Sarah F. Lienau, wherever it occurs as plaintiff in the process and pleadings, and inserting, in lieu thereof, the name of Claus M. E. Schroeder, and moved that the said verdict should stand as a verdict in favor of Claus M. E. Schroeder, as plaintiff, and against the said Frederick T. Farrier, as defendant, and it was accordingly so ordered by the court.

It is contended, on the part of the plaintiff in error, that the court below had no power to order such an amendment.

The one hundred and thirty-eighth section of the practice act (*Rev.*, *p.* 869,) provides that, in order to prevent the failure of justice by reason of mistake and objections of form, it shall be lawful for the court, or any judge thereof, at all times, to amend all defects and errors in any proceeding in civil causes, &c., and that all such amendments as may be necessary for the purpose of determining, in the existing suit, the real question in controversy between the parties, shall be so made.

The power of amendment could hardly be conferred in terms more comprehensive and explicit.

Applying to the circumstances of this case, as just detailed, the plain language of the act, as interpreted by the Supreme Court in *City of Hoboken* v. *Gear*, 3 *Dutcher* 265; *Price* v. *N. J. R. R. & T. Co.*, 2 *Vroom* 229, and *Joslin* v. *N. J. Car Spring Co.*, 7 *Vroom*, 141, and by this court in *American Popular Life Ins. Co.* v. *Day*, 10 *Vroom* 89, I see no reason to doubt

that the amendment complained of was properly allowed by the court below.

Judgment affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DEPUE, DIXON, REED, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, GREEN.    11.

*For reversal*—None.